IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE MOORE,<br>AIS #208326, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. 2:10-CV-568-CSC<br>[WO] |
| | ) | |
| DR. SADDINGS et al., | ) <br> ) | |
| Defendant. | ) <br> ) | |
| EUGENE MOORE,<br>AIS #208326, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. 2:10-CV-631-TMH<br>[WO] |
| | ) | |
| DR. SADDINGS, | ) <br> ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by

Eugene Moore ["Moore"], a state inmate, on July 1, 2010.  In his complaint, Moore alleges

the defendants acted with deliberate indifference to his medical needs  during his

confinement at the Bullock Correctional Facility.

Pursuant to the orders of this court, the defendants filed written reports supported

by evidentiary materials, including affidavits and relevant medical records, in which they

addressed the claims for relief presented by Moore.  The reports and evidentiary materials refute the self-serving, conclusory allegations presented in the complaint.[1]  The court thereafter issued an order affording Moore an opportunity to file a response to the written reports.  *Order of October 7, 2010 - Court Doc. No. 21*.  This order advised Moore that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1-2 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*. at 2.  The time allotted Moore for filing a response in compliance with the directives of this order expired on October 27, 2010.  As of the present date, Moore has failed to file a requisite response in opposition to the defendants' written reports.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case without prejudice is the proper course of action.  Moore is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Moore has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is therefore

---

[1]The plaintiff named Dr. Saddings as one of the defendants in this case.  The special report of the defendants shows that the correct name of this defendant is Dr. Siddiq.

apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

A separate order will accompany this memorandum opinion.[2]

Done this 28th day of January, 2011.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2]Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.